IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

United States of America,               )        CR. No. 03-00522 HG
                                        )
          Plaintiff,                    )
                                        )
     vs.                                )
                                        )
Dennis Perry, AKA Denniz Perry          )
Dennis "DaQueen" Perry,                 )
                                        )
          Defendant.                    )
                                        )
                                        )
_____)

**ORDER RESOLVING THE DISPUTE BETWEEN THE GOVERNMENT AND THE
DEFENDANT REGARDING DEFENDANT'S SENTENCING GUIDELINES RANGE, AND
SETTING FORTH THE REASONS FOR THE DEFENDANT'S SENTENCE**

On March 25, 2004, Defendant Dennis Perry was convicted by a

jury of being a felon in possession of a firearm in violation of 18

U.S.C. § 922(g)(1). On March 10, 2005, the Court sentenced Perry

to 200 months of incarceration pursuant to a fifteen-year mandatory

minimum in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §

924(e)(1), and Perry appealed. On August 16, 2006, the Ninth

Circuit Court of Appeals affirmed Perry's conviction, but remanded

for resentencing, holding that the Court erred in relying solely on

the Presentence Report to determine that Perry had three prior

convictions that qualified him for the ACCA enhancement. On

December 14, 2006, after being presented with additional evidence

to support the three convictions on remand, the Court again applied

the ACCA enhancement and resentenced Perry to 200 months of

incarceration. Perry again appealed. The Ninth Circuit Court of

Appeals reversed, holding that Perry's two burglary convictions did not qualify as violent felonies under the ACCA, and remanded for resentencing without the ACCA enhancement. The Mandate of the decision was issued on August 31, 2010. The Court resentenced Perry in accordance with the Ninth Circuit's mandate on May 19, 2011. This Order sets forth the reasons for Perry's Sentence.

## PROCEDURAL HISTORY

On March 16, 2005, Defendant was adjudicated guilty of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), and committed to a term of imprisonment of 200 months, followed by 5 years of supervised release. (Doc. 75).

On August 16, 2010, the Ninth Circuit Court of Appeals issued a Judgment that affirmed Defendant's conviction, but remanded for resentencing. (Doc. 86).

On December 14, 2006, the Court resentenced Defendant to a term of imprisonment of 200 months, followed by 5 years of supervised release. (Doc. 95). The Defendant appealed.

On August 31, 2010, the Ninth Circuit Court of Appeals issued a Mandate that again vacated Defendant's sentence and remanded for resentencing. (Doc. 118).

On September 23, 2010, Defendant filed a Motion for Release from Custody and Transport to the District of Hawaii. (Doc. 124).

On September 24, 2010, the Government filed an Opposition to

2

the Motion. (Doc. 126).

On September 27, 2010, a hearing was held before Magistrate Judge Leslie E. Kobayashi on Defendant's Motion for Release from Custody and Transport to the District of Hawaii. (See Doc. 128).

On October 12, 2010, the Government filed a Sentencing Statement. (Doc. 130).

On October 26, 2010, the Court held a hearing regarding Defendant's Motion for Release from Custody and Transport to the District of Hawaii. (See Doc. 133). At the hearing, Defendant orally withdrew the Motion for Release from Custody and Transport to the District of Hawaii. (See Id.).

On October 27, 2010, Defendant filed a Sentencing Statement. (Doc. 134).

On November 5, 2010, the Government filed an Opposition to Defendant's Sentencing Statement. (Doc. 135).

On November 16, 2010, Defendant filed an Opposition and Objection to Addendum No. 4 in the Presentence Report dated November 9, 2010. (Doc. 136).

On November 23, 2010, the Government filed a Reply to Defendant's Opposition and Objection to Addendum No. 4 in the Presentence Report. (Doc. 137).

On January 10, 2011, pursuant to a request by the Government and the Defendant's agreement, Perry's sentencing was continued from January 12, 2011 to February 10, 2011. (See Doc. 139).

On February 3, 2011, pursuant to a request by the Defendant and the Government's agreement, Perry's sentencing was continued from February 10, 2011 to March 21, 2011. (<u>See</u> Doc. 140).

On March 21, 2011, a Status Conference was held. (<u>See</u> Doc. 141). At the hearing, pursuant to a request by the Defendant and the Government's agreement, Perry's Sentencing was continued to June 23, 2011. (Doc. 141).

On March 29, 2011, pursuant to a request by Defendant, Perry's Sentencing was advanced from June 23, 2011 to May 19, 2011. (<u>See</u> Doc. 142).

On May 19, 2011, a hearing was held on Defendant's resentencing. (<u>See</u> Doc. 146). At the hearing, the Court sentenced Perry to 96 months of imprisonment followed by 3 years of supervised release, and imposed a special assessment of $100.


**BACKGROUND**

Defendant Dennis Perry was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After finding that Perry was subject to a fifteen-year mandatory minimum in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), the Court sentenced Perry to 200 months of incarceration. 18 U.S.C. § 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such

> person shall be fined under this title and imprisoned not
> less than fifteen years, and, notwithstanding any other
> provision of law, the court shall not suspend the
> sentence of, or grant a probationary sentence to, such
> person with respect to the conviction under section
> 922(g).

The Court found that Perry was subject to the enhancement based on a previous conviction for promoting a dangerous drug in the first degree and two previous burglary in the second degree convictions. Perry appealed.

The Ninth Circuit Court of Appeals upheld Perry's conviction, but remanded for resentencing, holding that the Court erred in relying solely on the Presentence Report to determine that Perry had three convictions that qualified him for the ACCA enhancement. On remand, the Government submitted additional documentation to support Perry's three previous convictions. The Court found that the additional documentation was sufficient to establish that Perry had been convicted of a serious drug offense and two violent felonies, and that he was subject to the ACCA's fifteen-year mandatory minimum. The Court resentenced Perry to 200 months of imprisonment.

After a second appeal, the Ninth Circuit reversed and remanded for resentencing without the ACCA enhancement. The Appellate Court held that Perry's two second-degree burglary convictions did not qualify as violent felonies that triggered the ACCA enhancement. The Ninth Circuit remanded for resentencing without the ACCA enhancement.

**ANALYSIS**

I.  **Guideline Range**

The parties dispute the guideline range that applies to Perry when he is sentenced without the ACCA enhancement.  The Government argues that Perry's Base Offense Level is 24 under U.S.S.G. §2K2.1(a)(2).  Defendant argues that his base offense level is 20 under U.S.S.G. §2K2.1(a)(4).  The parties agree that if U.S.S.G. §2K2.1(a)(2) applies and Perry's Base Offense Level is 24, Perry's Total Offense Level would be 28 after adding a 2-level increase under U.S.S.G. §2K2.1(b)(4) for the serial number of the firearm being obliterated, and another 2-level increase for Obstruction of Justice under U.S.S.G. §3C1.1.  If U.S.S.G. §2K2.1(a)(4) applies and Perry's Base Offense Level is 20, his Total Offense Level would be 24 after adding the two 2-level increases.

U.S.S.G. §2K2.1(a)(2), which the Government argues applies, provides a Base Offense Level of 24 if Perry "committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."  The Government argues that Perry's two previous burglary convictions qualify as "crimes of violence" under this section.  Defendant argues that the Court is precluded from applying U.S.S.G. §2K2.1(a)(2) for three reasons: (1) the Ninth Circuit's Mandate impliedly limited the Court's authority on remand to applying the previously determined guideline range without the ACCA enhancement,

rather than recalculating the guideline range based on sections of the United States Sentencing Guidelines ("U.S.S.G.") not previously considered; (2) even if the Court had discretion to recalculate Defendant's guideline, the Ninth Circuit's ruling established a law of the case that prevents Defendant's burglary convictions from being considered "crimes of violence" under U.S.S.G. §2K2.1(a)(2); and (3) the Government is judicially estopped from arguing that §2K2.1(a)(2) applies because it did not previously object to the Presentence Report's failure to calculate Perry's Base Offense Level under U.S.S.G. §2K2.1(a)(2).

The Court finds that the Ninth Circuit's ruling does not preclude the Court from recalculating Perry's guideline range. But the Court finds the Ninth Circuit's ruling that Perry's burglary convictions are not violent felonies prevents the Court from making a contradictory ruling that they are "crimes of violence" under U.S.S.G. §2K2.1(a)(2). The Court therefore does not reach Defendant's additional argument that the Government is judicially estopped from arguing that U.S.S.G. §2K2.1(a)(2) applies.

**A.    Scope of Remand**

Defendant argues that the Ninth Circuit impliedly limited the scope of the Court's authority on remand to applying the previously determined guideline range without the ACCA enhancement. The Ninth Circuit's Memorandum concluded with the following instruction: "We

vacate Perry's sentence and remand for resentencing without the ACCA enhancement." (August 9, 2010 Memorandum of the Ninth Circuit Court of Appeals at 7 (Doc. 117)).

As a general rule, a district court instructed to resentence an offender on remand is "free to consider any matters relevant to sentencing, even those that may not have been raised at the first hearing, as if it were sentencing de novo." United States v. Matthews, 278 F.3d 880, 885-86 (9th Cir. 2002) (citing United States v. Ponce, 51 F.3d 820, 826 (9th Cir. 1995); United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir. 1994).

The Court of Appeals may, of course, limit the scope of a district court's sentencing authority on remand. United States v. Pimentel, 34 F.3d 799, 800 (9th Cir. 1994). The express instruction here was that Perry be sentenced "without the ACCA enhancement."

### B.    Law of the Case

The Ninth Circuit ruled that this Court erred in applying the ACCA enhancement because "Perry's two second-degree burglary convictions did not qualify as violent felonies." (August 9, 2010 Memorandum of the Ninth Circuit Court of Appeals at 7 (Doc. 117)). Defendant argues that the appellate court's determination that the burglary convictions do not qualify as violent felonies under the ACCA is binding "law of the case" that necessarily implies that the

8

convictions also do not qualify as "crimes of violence" under U.S.S.G. §2K2.1(a)(2).

The term "crime of violence" in U.S.S.G. §2K2.1(a)(2) is defined in an almost identical manner to the term "violent felony" in the ACCA.[1] Because the terms are defined so similarly, they are interpreted and applied in a "parallel" manner. United States v. Terrell, 593 F.3d 1084, 1087 n. 1 (9th Cir. 2010) ("The definition of 'violent felony' under the ACCA is nearly identical to the definition of 'crime of violence' under § 4B1.2 of the Guidelines, so we have interpreted these provisions in a 'parallel manner.' In

---

[1] U.S.S.G. §4B1.2(a) states:
The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
    (1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or
    (2)  is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another.

The ACCA states:
[T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use of carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
    (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
    (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another.
18 U.S.C. § 924(e)(2)(B).

order to avoid confusion, we will discuss [the defendant's] convictions in terms of the ACCA, but the analysis applies equally to § 4B1.2.") (internal citation omitted). Given that the terms "violent felony" and "crime of violence" are synonymous, if the Ninth Circuit's ruling that Perry's burglary convictions are not violent felonies constitutes binding "law of the case," it necessarily follows (and this Court is compelled to conclude) that the convictions are also not crimes of violence under U.S.S.G. §2K2.1(a)(2). If the burglary convictions are not violent felonies, then by definition they are also not crimes of violence.

The "law of the case" doctrine "ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case." Caterino, 29 F.3d at 1395 (quoting United States v. Maybusher, 735 F.2d 266, 370 (9th Cir. 1984)). The rule restricts districts courts from deciding "issues on remand that were previously decided either expressly or by necessary implication on appeal." Mirchandani v. United States, 836 F.2d 1223, 1225 (9th Cir. 1988). In order to constitute law of the case that binds the district court, an appellate decision must have "issued on the merits of the claim sought to be precluded." Caterino, 29 F.3d at 1396 (citing Mirchandani, 836 F.2d at 1225); see also United States v. Hatter, 532 U.S. 557, 566 (2001) ("The law of the case doctrine presumes a hearing on the merits.").

The Government argues that the Ninth Circuit's ruling did not

create binding "law of the case" on the issue of whether or not

Perry's burglary convictions qualify as violent felonies because

the Ninth Circuit did not decide that issue on the merits.   The

Government concedes, however, that if the Ninth Circuit decided

that the burglary convictions did not qualify as violent felonies

on the merits, this Court would necessarily be precluded from

making the contradictory ruling that the convictions qualify as

crimes of violence.   In their briefing, the Government argued:

> Had the Ninth Circuit decided that Defendant's two
> Burglary in the Second Degree convictions did not qualify
> as 'violent felonies,' they necessarily would have
> limited this Court's ability to make a contradictory
> legal finding. However, they did not.

(United States' Response to Defendant's Sentencing Statement at 6

(Doc. 135)).

## 1.   The Ninth Circuit Decided, On The Merits, That Perry's Burglary Convictions Do Not Qualify As Violent Felonies

The phrase "on the merits" has not been used by courts with

perfect "precision and consistency." <u>Lambert v. Blodgett</u>, 393 F.3d

943, 968 (9th Cir. 2004).   In "nearly all legal contexts," however,

the phrase refers to:

> a decision finally resolving the parties' claims . . .
> that is based on the substance of the claim advanced,
> rather than on a procedural, or other, ground.

<u>Id.</u> (quoting <u>Sellan v. Kuhlman</u>, 261 F.3d 303, 311 (2d Cir. 2011).

The Ninth Circuit's ruling that Perry's burglary convictions

do not qualify as violent felonies was plainly substantive and "on

the merits." A substantive determination on this issue was in fact the sole basis for the appellate court's reversal:

> We disagree . . . with the district court's conclusion
> that Perry's two prior burglary convictions qualify as
> violent felonies. . . . Accordingly, we hold that because
> Perry's two second-degree burglary convictions did not
> qualify as violent felonies, the district court erred in
> applying the ACCA enhancement.

(August 9, 2010 Memorandum of the Ninth Circuit Court of Appeals at 3, 7 (Doc. 117)). In reaching this conclusion, the Ninth Circuit squarely addressed the merits of the Government's argument that Perry's burglary convictions qualified as violent felonies under the ACCA. The Ninth Circuit first considered whether the burglary convictions qualified as violent felonies under the "categorical" approach, and determined that they did not. The court then considered whether the convictions qualified under the "modified categorical" approach, and again substantively ruled that they did not.

Although the appellate court declined to consider the Government's belated additional argument that the convictions qualified as violent felonies under the ACCA's "residual clause," the fact that the Ninth Circuit failed to address one potential substantive argument that the Government did not raise initially on appeal does not mean that the Ninth Circuit failed to reach a decision "on the merits." The Ninth Circuit need not address every possible substantive argument in the legal universe, whether raised by the parties or not, in order to reach a ruling "on the merits"

that binds lower courts.

## 2. The Ninth Circuit Implicitly Decided That Perry's Burglary Convictions Are Not Crimes Of Violence

It is necessary to determine whether an appellate ruling implicitly decided an issue such that it created law of the case on that issue on a case by case basis. The Tenth Circuit has provided some guidance:

> We discern three grounds under the "law of the case" doctrine by which we might conclude an issue was implicitly resolved in a prior appeal, as follows: (1) the resolution of the issue was a necessary step in resolving the earlier appeal; (2) the resolution of the issue would abrogate the prior decision and so must have been considered in the prior appeal; and (3) the issue is so closely related to the earlier appeal its resolution involves no additional consideration and so might have been resolved but unstated.

Guidry v. Sheet Metal Workers Intern. Ass'n, Local No. 9, 10 F.3d 700, 707 (10th Cir. 1993). These factors were not intended to be exhaustive. Id. at 707 n. 5.

A review of these factors reflects that the appellate decision here implicitly decided that Perry's burglary convictions do not qualify as "crimes of violence." The issue of whether the convictions are "crimes of violence" requires an analysis that is identical to the analysis used to resolve the issue of whether the convictions are "violent felonies," with a necessarily identical result. If the burglary convictions do not constitute violent felonies, then they necessarily also do not constitute crimes of

13

violence.  It is clear, then, that the latter issue is "so closely related" that it involves "no additional consideration and so might have been resolved but unstated," which is the third factor listed by the Tenth Circuit.  <u>Guidry</u>, 10 F.3d at 707.

The first and second factors also reflect that the Ninth Circuit implicitly decided that Perry's burglary convictions do not qualify as "crimes of violence."  The first factor is whether the resolution of the issue was a necessary step in the resolution of the appeal.  The Ninth Circuit's determination that Perry's burglary convictions do not qualify as "violent felonies" was a necessary step in the resolution of Perry's appeal.  This determination resolved a question that is essentially identical to the question of whether Perry's burglary convictions qualify as "crimes of violence," and it required an identical analysis.  The second factor is whether resolution of the issue would abrogate the prior decision.  Although a determination that Perry's burglary convictions do not qualify as "crimes of violence" would not "abrogate" the prior decision per se, it would essentially contradict the Ninth Circuit's ruling.  The Appellate Court's explicit ruling that Perry's burglary convictions do not qualify as violent felonies amounts to an implicit ruling that the burglary convictions do not qualify as crimes of violence.

The Government seeks an interpretation of the Ninth Circuit's ruling that, if adopted, would lead to a contradictory result.  The

Government claims, despite the clear language of the Ninth Circuit's memorandum quoted above, that the Ninth Circuit did not decide whether Perry's burglary convictions qualify as violent felonies. But the Government does not dispute that the Ninth Circuit ruled that this Court erred in applying the ACCA enhancement, and has been instructed to resentence Perry without it. The Ninth Circuit expressly based its reversal on its decision that Perry's convictions did not qualify as violent felonies. Having reached that conclusion, this Court cannot now examine an identical legal question and reach the opposite result. See Mirchandani, 836 F.3d at 1225 ("A rule requiring a trial court to follow an appellate court's directives that establish the law of a particular case is necessary to the operation of a hierarchical judicial system.")

The Ninth Circuit explicitly ruled that Perry's burglary convictions are not violent felonies, and implicitly ruled that the convictions are not crimes of violence. This Court is bound to follow that decision and rule in a consistent manner. See Mirchandani, 836 F.2d at 1225 ("[D]istrict courts are not free to decide issues on remand that were previously decided either expressly or by necessary implication on appeal.").

### 3. There Are No Grounds To Depart From The Law Of The Case

Courts may depart from the law of the case under the following

narrow circumstances:

> (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result.

United States v. Scrivner, 189 F.3d 825, 827 (9th Cir. 1999) (quoting United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)). "In the absence of one of these circumstances, failure to apply the law of the case is an abuse of discretion." Id.

None of these circumstances are present in this case. The Ninth Circuit's decision was well-reasoned and is not clearly erroneous. There has been no intervening change in the law; the relevant case-law cited by the Ninth Circuit remains good law in this circuit.[2] The evidence available to the Court on remand is not substantially different; it is identical. No other changed circumstances warrant departing from the law of the case, nor would a manifest injustice result from following the law of the case. Accordingly, the Court is obliged to resentence Perry in a manner that is consistent with the Ninth Circuit's explicit and implicit rulings.

---

[2]The ruling in United States v. Mayer, 530 F.3d 1099 (9th Cir. 2008), does not constitute an intervening change in the law. In its memorandum opinion, the Ninth Circuit expressly cited Mayer and discussed its ruling. (August 9, 2010 Memorandum of the Ninth Circuit Court of Appeals at 6 (Doc. 117)). The court also cited and quoted United States v. Terrell, 593 F.3d 1084, 1092 (9th Cir. 2010).

### C. Perry's Guideline

Because the Ninth Circuit ruled that Perry's burglary convictions do not qualify as violent felonies, the Court is precluded from reaching the contradictory conclusion that they qualify as "crimes of violence" under U.S.S.G. §2K2.1(a)(2). Perry's base offense level is 20 under U.S.S.G. §2K2.1(a)(4). After adding a 2-level increase based on U.S.S.G. §2K2.1(b)(4) for the serial number of the firearm being obliterated, and another 2-level increase for Obstruction of Justice pursuant to U.S.S.G. §3C1.1, Perry's Total Offense Level is 24. Perry has a criminal history category of III. With an Offense Level of 24 and a Criminal History Category of III, Perry's guideline range is 63 - 78 months.

## II. Perry's Sentence

### A. Sentencing Framework

The Sentencing Guidelines are not mandatory. United States v. Booker, 543 U.S. 220, 249-50 (2005). They are advisory only, and serve as "one factor among several that district courts must consider in determining an appropriate sentence." United States v. Carty, 520 F.3d 984, 988 (9th Cir. 2008) (citing Kimbrough v. United States, 552 U.S. 85 (2007). Sentencing proceedings must begin with a determination of the applicable Guidelines range, however, such that the Guidelines are the court's "'starting point and the initial benchmark.'" Kimbrough v. United States, 552 U.S.

85, 108 (2007).  The district court must keep the Guidelines "in mind throughout the process" of sentencing. Carty, 520 F.3d at 991 (citing Gall v. United States, 552 U.S. 38, 50 n. 6 (2007)).

After determining the Guidelines range, the district court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Carty, 520 F.3d at 991; Gall, 552 U.S. at 50 n. 6.  18 U.S.C. § 3553(a) requires courts to consider the following factors when imposing a sentence:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed:
   (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B)  to afford adequate deterrence to criminal conduct;
   (C)  to protect the public from further crimes of the defendant; and
   (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4)  the kind of sentence and the sentencing range established [by the United States Sentencing Commission and by Congress];

. . .

(5) any pertinent policy statement;

. . .

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

While the Sentencing Guidelines are one of the § 3553(a) factors and are to be "respectfully considered," the district court "may not presume that the Guidelines range is reasonable." <u>Carty</u>, 520 F.3d at 991 (citing <u>Rita v United States</u>, 551 U.S. 338, 350-51 (2007); <u>Booker</u>, 543 U.S. at 259-60; <u>Gall</u>, 552 U.S. at 50; <u>Kimbrough</u>, 552 U.S. at 101). The Court must consider each of the § 3553(a) factors, but it "need not tick off each of the § 3553(a) factors to show that it has considered them." <u>Carty</u>, 520 F.3d at 992 ("We assume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors, not just the Guidelines."). "The overarching statutory charge for a district court is to 'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." <u>Carty</u>, 520 U.S. at 991.


**B.  Application to Perry**

Perry was convicted by a jury of being a felon in possession of a firearm, and his Guideline range is 63 - 78 months of imprisonment. The Guideline range does not adequately reflect Perry's criminal history and likelihood of recidivism. Perry's

prior drug conviction, and two burglary convictions, were taken into account by the Guidelines, as well as his obstruction of justice, and the fact that the serial numbers on the firearm were erased. But there are additional aggravating factors that the Guideline range does not adequately take into account. Perry admitted that he was involved in the distribution of multi-ounce quantities of methamphetamine prior to his arrest for possessing a firearm. It is "well established that the sentencing court is entitled to rely on uncontested facts contained in the [presentence report] for certain sentencing purposes," including the application of the section 3553(a) factors. United States v. Mateo, 471 F.3d 1162, 1166 (10th Cir. 2006). When he was arrested for the instant offense, Perry had methamphetamine and drug paraphernalia in his possession. While on probation for his state law convictions in 2002 and 2003, Perry tested positive for methamphetamine approximately one year after his release. Another aggravating factor included Perry's testimony at trial that his possession of the firearm was innocent. This testimony was rebutted by testimony from Officer Chinen and others.

Perry's Presentence Report also reflects several older convictions that were not counted in his criminal history, and other arrests for which he was not prosecuted. Perry's extensive criminal history, history of drug addiction, and repeated failure to follow the law upon release, reflects that he poses a high risk

of recidivism. These factors are the basis of the upward departure from the Guidelines.

Having considered the Sentencing Guidelines range and the 18 U.S.C. § 3553(a) factors, the Court sentences Perry to 96 months of imprisonment, followed by 3 years of supervised release. There is a special assessment of $100. The conditions of Perry's supervised release are as set forth by the Court at the sentencing hearing.

## Conclusion

Defendant Dennis Perry is **SENTENCED** to 96 months of imprisonment, followed by 3 years of supervised release. There is a special assessment of $100. The conditions of Perry's supervised release are as set forth by the Court at the sentencing hearing.

IT IS SO ORDERED.

DATED: June 24, 2011, Honolulu, Hawaii.



_____
/S/ Helen Gillmor

Helen Gillmor
United States District Judge

*United States v. Dennis Perry*; Criminal No. 03-00522 HG; **ORDER RESOLVING THE DISPUTE BETWEEN THE GOVERNMENT AND THE DEFENDANT REGARDING DEFENDANT'S SENTENCING GUIDELINES RANGE, AND SETTING FORTH THE REASONS FOR THE DEFENDANT'S SENTENCE.**